FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $17,242.30 U.S. CURRENCY,<br><br>Defendant. | No. 2:17-CV-0097-SMJ<br><br>**FINAL ORDER OF FORFEITURE** |

Before the Court, without oral argument, is the United States of America's Motion for Entry of a Final Order of Forfeiture. ECF No. 30. The defendants in the related criminal case, *United States v. Sutton*, No. 2:16-cr-00136-SMJ (E.D. Wash.), have entered into plea agreements with the government in that matter, and they stipulate that the currency at issue here is subject to civil forfeiture pursuant to 21 U.S.C. § 881. ECF No. 30-1, 30-2. Having considered the pleadings and file in this matter, the Court is fully informed and **GRANTS** the United States' motion and enters the following Final Order of Forfeiture:

Plaintiff, the United States of America, alleged in a Verified Complaint for Forfeiture *In Rem* and in an Amended Verified Complaint for Forfeiture *In Rem*

FINAL ORDER
OF FORFEITURE **-** 1

that the Defendant currency captioned above is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. ECF No. 1 and 2

The Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1355 and 1355. Venue is proper pursuant to 28 U.S.C. § 1355.

The Defendant property being sought for forfeiture is described as follows:

1) Approximately $344.30 U.S. currency seized on or about September 15, 2016, by the Federal Bureau of Investigation; and,

2) Approximately $278.00 and $16,620.00 U.S. currency seized on or about September 23, 2016, by the Federal Bureau of Investigation.

On March 22, 2017, the United States Marshals Service executed the Warrant of Arrest *In Rem*. The returned warrant was filed with the Court under the above cause number on March 22, 2017. ECF No. 6.

In accordance with Federal Rule of Civil Procedure G(4)(a)(iv)(C), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, notice of civil forfeiture was posted on an official government website www.forfeiture.gov beginning March 23, 2017 and running through April 21, 2017. ECF No. 12, 12-1 and 12-2. Based upon the internet publication start date of March 23, 2017, the last date to file a timely claim if direct notice was not received was May 22, 2017.

On March 23, 2017, KENNETH L. STONE was sent a copy of the Verified Complaint for Forfeiture *In Rem*, ECF No. 1, the Amended Verified Complaint

FINAL ORDER
OF FORFEITURE - 2

for Forfeiture *In Rem*, ECF No. 2, the executed Warrant of Arrest *In Rem*, ECF No. 6, and Notice of Complaint for Forfeiture, via certified mail, return receipt requested, at his last known address and in care of his attorney. ECF No. 10 & 10-1. On April 27, 2017, STONE filed an Answer. ECF No. 7. On June 2, 2017, STONE filed a late Claim. ECF No. 19.

On July 25, 2017, KENNETH L. STONE entered into a Plea Agreement in the Eastern District of Washington related criminal case *United States v. Kenneth L. Stone,* Case No.: 2:16-CR-136-SMJ-2. ECF No. 145. In his Plea Agreement, STONE acknowledged that the United States would meet its burden to prove that the currency is subject to forfeiture as property either facilitating illegal conduct or it represents proceeds obtained in violation of 21 U.S.C. § 841 and is forfeitable under 21 U.S.C. § 881. *Id.* at ¶ 14. In addition, STONE agreed to voluntarily forfeit and relinquish any and all right, title and interest he has in the currency to the United States. He also agreed not to contest the civil judicial forfeiture of the currency and to sign a stipulation withdrawing any claim and/or answer filed in this civil forfeiture action.

On March 23, 2017, CHERYL SUTTON was sent a copy of the Verified Complaint for Forfeiture *In Rem*, ECF No. 1, the Amended Verified Complaint for Forfeiture *In Rem*, ECF No. 2, the executed Warrant of Arrest *In Rem*, ECF No. 6, and Notice of Complaint for Forfeiture, via certified mail, return receipt

FINAL ORDER
OF FORFEITURE - 3

requested, at her last known address and in care of her attorney. ECF No. 11 and 11-1. On April 27, 2017, SUTTON filed an Answer, ECF No. 7. To date, no claim has been received from SUTTON.

On July 25, 2017, CHERYL L. SUTTON entered into a Plea Agreement in the Eastern District of Washington related criminal case *United States v. Cheryl L. Sutton,* Case No.: 2:16-CR-136-SMJ-1. ECF No. 144. In her Plea Agreement, SUTTON acknowledged that the United States would meet its burden to prove that the currency is subject to forfeiture as property either facilitating illegal conduct or it represents proceeds obtained in violation of 21 U.S.C. § 841 and is forfeitable under 21 U.S.C. § 881. *Id.* at ¶ 14. In addition, SUTTON agreed to voluntarily forfeit and relinquish any and all right, title and interest she has in the currency to the United States. She also agreed not to contest the civil judicial forfeiture of the currency and to sign a stipulation withdrawing any claim and/or answer filed in this civil forfeiture action.

No other timely claims to the Defendant currency have been received or filed with the Court, and the deadline for filing timely claims has passed.

Claim(s) to the Defendant currency have been resolved as described herein.

It appearing to the Court that the claimants interest(s) in the Defendant currency have been resolved, **IT IS HEREBY ORDERED**:

FINAL ORDER
OF FORFEITURE - 4

1. The Defendant currency described as follows is hereby forfeited to the United States of America, and no right, title, or interest shall exist in any other person.

    *A.* Approximately $344.30 U.S. currency seized on or about September 15, 2016, by the Federal Bureau of Investigation; and,

    *B.* Approximately $278.00 and $16,620.00 U.S. currency seized on or about September 23, 2016, by the Federal Bureau of Investigation.

2. The United States Marshals Service shall dispose of the forfeited currency described herein in accordance with law.

3. This Court shall retain jurisdiction in the case for the purpose of enforcing or amending this order.

4. The Clerk's office shall **CLOSE** this case.

5. All deadlines and hearings set in this matter are **STRICKEN**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 27th day of September 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge